UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:21-cv-7593-FLA (MAR)                                      Date:  September 30, 2021

Title:   *Larnell Lowe v. United States*

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

## I.
## BACKGROUND

On November 3, 2004, a jury found Petitioner guilty of:  (1) brandishing a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)) ("Count One"); (2) carjacking (18 U.S.C. § 2119) ("Counts Two and Four"); (3) discharging a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)) ("Count Three"); and (4) conspiracy to possess firearms during and in relation to a crime of violence (18 U.S.C. § 924(o)) ("Count Five").  Lowe v. United States, No. 1:04-CR-0131, 2020 WL 429777, at *1 (M.D. Pa. Jan. 28, 2020), certificate of appealability denied, No. 20-1311, 2020 WL 4582606 (3d Cir. July 9, 2020).  On March 28, 2005, Petitioner was sentenced to 504 months imprisonment. Id.

The United States Court of Appeals for the Third Circuit affirmed the Court's judgment as to Petitioner's convictions.  See United States v. Lowe, 222 F. App'x 220 (3d Cir. 2007).

On January 28, 2020 Petitioner filed a Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 ("section 2255") in the United States District Court for the Middle District of Pennsylvania, arguing that his consecutive sentences based on 18 U.S.C. § 924(c) violate due process and should be vacated based on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Lowe v. United States, 2020 WL 429777, at *1.  The court denied Petitioner's Motion. Id. at *4.

On September 20, 2021, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2241 ("section 2241").  ECF Docket No. ("Dkt.") 1.  The Petition alleges Petitioner is actually innocent and that his sentence is illegal.  Dkt. 1 at 4–5.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Because petitioner did not date the instant Petition when he signed it, the Court cannot determine the constructive filing date in that manner.  However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the Court uses that as the constructive filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:21-cv-7593-FLA (MAR)                                              Date:  September 30, 2021

Title:   <u>Larnell Lowe v. United States</u>

## II.
## DISCUSSION

**A.     28 U.S.C. § 2255 MOTION**

    **1.     Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court.  <u>Harrison v. Ollison</u>, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court."  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court.  Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006).  A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner:  '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' "  <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting <u>Stephens</u>, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  <u>Stephens</u>, 464 F.3d at 898 (citing <u>Bousley v. United States</u>, 523 U.S. 614(1998)).  With respect to the second prong of section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider:  "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

    **2.     Analysis**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution."  <u>See</u> <u>Harrison</u>, 519 F.3d at 956.  Rather, Petitioner appears to challenge the legality of his 2004 conviction and sentence.  <u>See</u> Dkt. 1.  Thus, Petitioner cannot proceed in this Court, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:21-cv-7593-FLA (MAR)                                              Date:  September 30, 2021

Title:   *Larnell Lowe v. United States*

custodial court, unless section 2255's "escape hatch" provision applies.  See Lorentsen, 223 F.3d at 953.

Petitioner fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch.  See Alaimalo, 645 F.3d at 1047.  The legal basis for Petitioner's claims all arose before he filed his section 2255 motion in the Middle District of Pennsylvania.  Indeed, Petitioner appears to have made the same argument in the Pennsylvania section 2225 Petition.  Lowe v. United States, 2020 WL 429777, at *2–3.  Thus, the Petition seeking to challenge Petitioner' 2004 conviction and sentence is a successive section 2255 motion disguised as a section 2241 motion and this Court lacks jurisdiction over the Petition.  See Hernandez, 204 F.3d at 864–65.

### III.
### ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by October 21, 2021**.  In the response, Petitioner must elect one (1) of the following three (3) options:

(1) If Petitioner contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court. Petitioner should attach copies of any documents that support his position.

(2) If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the section 2255 escape hatch, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

(3) If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed **no later than twenty-one (21) days** after the date of this Order.  **The Clerk of Court is instructed to attach a Notice of Dismissal form for Petitioner's convenience**.  The Court advises Petitioner, however, that if he should later attempt to raise his dismissed claims in a subsequent habeas petition or section 2255 motion, those claims may be time-barred, and may be barred as successive.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey Court orders.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-7593-FLA (MAR)                                           Date:  September 30, 2021

Title:      *Larnell Lowe v. United States*

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐  This action is dismissed by the Plaintiff(s) in its entirety.

☐  The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐  The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____                     _____
*Date*                                                      *Signature of Attorney/Party*

NOTE: ***F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***

CV-09 (03/10)                     **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)**