UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARNELL LOWE,<br><br>                Petitioner,<br><br>     v.<br><br>UNITED STATES,<br><br>                Respondent. | Case No. 2:21-cv-7593-FLA (MARx)<br><br>**MEMORANDUM AND ORDER DISMISSING ACTION** |

## I.

## **INTRODUCTION**

On September 20, 2021, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("section 2241"). ECF Docket No. ("Dkt.") 1. The Petition alleges Petitioner is actually innocent and that his sentence is illegal. Dkt. 1 at 4–5. On September 30, 2021, the court issued an Order to Show Cause Re: Why this Action Should Not be Dismissed for Lack of Jurisdiction ("OSC"). Dkt. 3. On December 10, 2021, Petitioner filed a Response. Dkt. 7. As

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Because petitioner did not date the instant Petition when he signed it, the court cannot determine the constructive filing date in that manner. However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the court uses that as the constructive filing date.

discussed below, the action is DISMISSED without prejudice for lack of subject matter jurisdiction.

## II.
## BACKGROUND

On November 3, 2004, a jury found Petitioner guilty of: (1) brandishing a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)) ("Count One"); (2) carjacking (18 U.S.C. § 2119) ("Counts Two and Four"); (3) discharging a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)) ("Count Three"); and (4) conspiracy to possess firearms during and in relation to a crime of violence (18 U.S.C. § 924(o)) ("Count Five"). Lowe v. United States, No. 1:04-CR-0131, 2020 WL 429777, at *1 (M.D. Pa. Jan. 28, 2020), certificate of appealability denied, No. 20-1311, 2020 WL 4582606 (3d Cir. July 9, 2020). On March 28, 2005, Petitioner was sentenced to 504 months' imprisonment. Id. The United States Court of Appeals for the Third Circuit affirmed the district court's judgment as to Petitioner's convictions. See United States v. Lowe, 222 F. App'x 220 (3d Cir. 2007).

On January 28, 2020, Petitioner filed a Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 ("section 2255") in the United States District Court for the Middle District of Pennsylvania, arguing that his consecutive sentences based on 18 U.S.C. § 924(c) violate due process and should be vacated based on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Lowe v. United States, 2020 WL 429777, at *1. The district court denied Petitioner's Motion. Id. at *4.

On September 20, 2021, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("section 2241"). ECF Docket No. ("Dkt.") 1. The Petition alleges Petitioner is actually innocent and that his sentence is illegal. Dkt. 1 at 4–5. On September 30, 2021, the court issued an Order to Show Cause Re: Why this Action Should Not be Dismissed for Lack of Jurisdiction ("OSC"). Dkt. 3. On November 9, 2021, the court issued an Order to Show Cause

1  Re: Dismissal for Lack of Prosecution. Dkt. 5. On December 10, 2021, Petitioner
2  filed a Response. Dkt. 7. Petitioner does not dispute that he challenges the legality of
3  his detention. Rather, Petitioner contends that, because his case is "final in the 3rd
4  Cir.," he is allowed "to file a (2241) actual innocence claim." <u>Id.</u> at 3. Petitioner also
5  requests the appointment of counsel to assist him with his Petition. <u>Id.</u> at 1.

## III.
## DISCUSSION

**A. 28 U.S.C. § 2255 MOTION**

    **1. Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court. <u>Harrison v. Ollison</u>, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting <u>Stephens</u>, 464 F.3d at 898).

1     With respect to the first prong of section 2255's escape hatch, an actual
2  innocence claim requires a petitioner to "demonstrate that, in light of all the evidence,
3  it is more likely than not that no reasonable juror would have convicted him."
4  Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614(1998)).  "It is
5  important to note ... that 'actual innocence' means factual innocence, not mere legal
6  insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998) (citations omitted).
7  With respect to the second prong of section 2255's escape hatch, whether the
8  petitioner has not had an "unobstructed procedural shot" at presenting his actual
9  innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's
10 claim did not arise until after he had exhausted his direct appeal and first § 2255
11 motion; and (2) whether the law changed in any way relevant to petitioner's claim
12 after that first § 2255 motion."  Alaimalo v. United States, 645 F.3d 1042, 1047 (9th
13 Cir. 2011) (internal quotation marks omitted).

14    **2.    Analysis**

15    Here, Petitioner does not challenge "the manner, location, or conditions of a
16 sentence's execution."  See Harrison, 519 F.3d at 956.  Rather, Petitioner appears to
17 challenge the legality of his 2004 conviction and sentence.  See Dkts. 1, 7.  Thus,
18 Petitioner cannot proceed in this court, the custodial court, unless section 2255's
19 "escape hatch" provision applies.  See Lorentsen, 223 F.3d at 953.

20    First, Petitioner has not shown "in light of all the evidence, it is more likely
21 than not that no reasonable juror would have convicted him."  Stephens, 464 F.3d at
22 898.  Petitioner argues there was insufficient evidence to find that he was guilty of
23 carjacking because he never did or intended to take control of a vehicle.  Dkt. 1 at 4.
24 However, Petitioner does not contest that he was factually innocent of any of the
25 other counts of which he was convicted.  Furthermore, Petitioner's argument
26 regarding his illegal sentence is purely legal and, thus, is not cognizable as a claim of
27 "actual innocence."  Marrero, 682 F.3d at 1193 (holding that purely legal argument
28

4

regarding sentencing did not go to factual innocence and therefore was not an "actual innocence" claim).

Second, though Petitioner argues actual innocence, Petitioner fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not meet the second prong of the section 2255 escape hatch.  See Alaimalo, 645 F.3d at 1047.  The legal basis for Petitioner's claims all arose before he filed his section 2255 motion in the Middle District of Pennsylvania.  Indeed, Petitioner appears to have already made the same arguments in prior petitions.  See United States v. Lowe, 222 F. App'x at *223 (regarding the sufficiency of the evidence claim); Lowe v. United States, 2020 WL 429777, at *2–3 (regarding the illegal sentence claim).  Thus, the Petition seeking to challenge Petitioner' 2004 conviction and sentence is a successive section 2255 motion disguised as a section 2241 motion, and this Court lacks jurisdiction over the Petition.  See Hernandez, 204 F.3d at 864–65.

## V.
## **ORDER**

It is therefore ORDERED that Petitioner's Motion is DENIED and the Petition is DISMISSED with prejudice.[2]

Dated:  December 27, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge

---

[2] The Petition is being dismissed for lack of jurisdiction and therefore Petitioner's request for appointment of counsel is DENIED as moot.

5